Major General Robert F. Ensslin, Jr. Adjutant General of Florida Department of Military Affairs Post Office Box 1008 State Arsenal, St. Augustine, Florida 32085-1008 Attention: Marcus M. Cornelius Staff Judge Advocate
Dear Major General Ensslin:
You have asked the following question:
 DOES s. 250.41(3), F.S., ELIMINATE THE NEED FOR SPECIFIC LEGISLATIVE APPROPRIATION OF FUNDS ACCRUING AT CAMP BLANDING AND AT OTHER SUCH FACILITIES THROUGHOUT THE STATE?
Section 1(c), Art. VII, State Const., prohibits all expenditures except those made in pursuance of appropriations made by law. See, AGO 71-28 (legislative power to appropriate state funds for state purposes may be exercised only through duly enacted statutes). And see, s. 216.011(1)(b), F.S., defining an "Appropriation" as "a legal authorization to make expenditures for specific purposes within the amounts authorized in the appropriations act."
Appropriations of state moneys may be used only to pay claims against the state duly authorized by the Legislature, and audited and approved according to law. State v. Green, 116 So. 66
(Fla. 1928). Cf., s. 216.292(1), F.S. (appropriations nontransferable except as provided therein). An appropriation consists of the segregation of moneys from public revenues for a specific use or purpose, and in such manner that the executive officers of government will have the authority to withdraw and use such money only for that use or purpose. State v. Lee, 163 So. 859
(Fla. 1935); AGO 71-28.
Chapter 250, F.S., Florida's Military Code, creates the Armory Board which is charged with "the supervision and control of all military buildings and real property within the state applied to military uses." Section 250.40(1), F.S. The Armory Board is authorized to supervise and manage any permanent campsite, or target range or ranges, which are or may become the property of the state. The board may provide for the maintenance and proper equipment of such facilities from any funds which may be available for this purpose. Section 250.41(3), F.S. This subsection states that "[a]ny and all moneys accruing to the Armory Board from the operation and management of properties hereinabove mentioned are hereby appropriated for the maintenance of state properties under control of the Armory Board." (e.s.) And see, s. 250.10(1)(k), F.S., requiring the Adjutant General to make a detailed report to the Governor and Legislature of all funds and moneys received and disbursed by the Military Department.
Therefore, the provisions of s. 250.41(3), F.S., appear to constitute an appropriation of moneys accruing to the Armory Board from the properties mentioned in s. 250.41, "for the maintenance of state properties under control of the Armory Board."
However, while s. 250.41(3), F.S., makes general provision for the funds described therein, specific appropriations are included in Ch. 86-167, Laws of Florida, the appropriations act for the 1986-1987 fiscal year. See, s. 1, Specific Appropriations 1485-1488, p. 1042-1043, Ch. 86-167, Laws of Florida. And see, Brown v. Firestone, 382 So.2d 654, 668 (Fla. 1980), stating that "[a] specific appropriation is an identifiable, integrated fund which the legislature has allocated for a specified purpose." Section 1, Ch. 86-167, supra, states that the specific appropriations from the Camp Blanding Management Trust Fund are "to be used to pay the salaries and other operational expenditures of the named agencies, and are in lieu of all moneys appropriated for these purposes in other sections of the Florida Statutes." (e.s.) Cf., s. 215.32(2)(b)1., F.S., which states that trust funds shall consist of state moneys which are segregated for an authorized purpose pursuant to law or a trust agreement.
Thus, the Legislature has specifically appropriated trust funds in lieu of any appropriations for the same purpose in Ch. 250, F.S. To the extent of any duplication, the provisions of Ch. 86-187, Laws of Florida, prevail. See, Department of Education v. School Board of Collier County, 394 So.2d 1010, 1012 (Fla. 1981), stating that "a general appropriations bill may allocate state funds for an authorized purpose in amounts in addition to those previously allocated or substitute adequate specific appropriations for continuing appropriations." (e.s.)
Funds collected by the Armory Board, except those for which other specific legislative provision exist, are to be deposited in the State Treasury, and subsequently expended pursuant to lawful appropriations. See, s. 250.40(6), F.S., providing that certain contributions of money, moneys derived from the rental of armories and other facilities, and other specified moneys shall be received by the commanding officer of such facility, deposited in an account in a banking institution in the county where the facility is located and disbursed for specified purposes at the discretion of the post council. Cf., s. 18.101(1), F.S., which requires that all moneys collected by state agencies, boards, bureaus, commissions, institutions and departments shall, except as otherwise provided by law, be deposited in the State Treasury; and s. 215.32(1), F.S., which provides that all state moneys shall be deposited in the State Treasury unless specifically provided otherwise by law. Section 250.41(3), F.S., generally acts as an appropriation of Armory Board funds "for the maintenance of state properties under control of the Armory Board." However, to the extent that the Legislature makes specific appropriations for particular purposes in lieu of moneys appropriated in other sections of the statutes, such specific appropriations would control.
SUMMARY
It is my opinion that the provisions of s. 250.41(3), F.S., do not prohibit specific legislative appropriation of funds for certain purposes at Camp Blanding and other such facilities throughout the state but act as an appropriation of moneys to the Armory Board which the Legislature may modify or preempt by specific appropriation.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond
Assistant Attorney General